**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-7175**

---

GREG H. JOHNSON,

        Plaintiff - Appellant,

    v.

M. MEADOWS; E. BRAMBLE; T. HICKS; NURSE LESZCZAK,

        Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:19-ct-03131-BO)

---

Submitted: July 29, 2024                           Decided: September 4, 2024

---

Before WYNN and RICHARDSON, Circuit Judges, and MOTZ, Senior Circuit Judge.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Greg H. Johnson, Appellant Pro Se. Bradley Daniel Brecher, Assistant Attorney General, TRANSPORTATION SECURITY ADMINISTRATION, Morrisville, North Carolina; Richard Allen Paschal, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina; John McKinley Kirby, II, LAW OFFICES OF JOHN M. KIRBY, Raleigh, North Carolina; Robert O. Crawford, III, LAW OFFICES OF ROBERT O. CRAWFORD III, PLLC, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Greg H. Johnson filed a 42 U.S.C. § 1983 action alleging Eighth Amendment claims against Officer Morris Meadows, Officer Timmie Hicks, Sergeant Edward Bramble, and Nurse Nichole Leszczak (collectively, "Defendants"), employees of the North Carolina Department of Public Safety.[1]  At trial, after Johnson's case-in-chief, the district court granted Defendants' Fed. R. Civ. P. 50(a) motions for judgment as a matter of law.  On appeal, Johnson challenges the district court's Rule 50(a) decisions.  We affirm in part, vacate in part, and remand for further proceedings.

"We review de novo the district court's grant of a Rule 50(a)(1) motion viewing the evidence in the light most favorable to the non-moving party." *Lavis v. Reverse Mortg. Sols., Inc.*, 40 F.4th 181, 186 n.2 (4th Cir. 2022).  "A court may grant judgment as a matter of law when it finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the non-moving party." *Id.* (internal quotation marks omitted).

"An inmate's claim of excessive force involves both an objective and a subjective component." *Dean v. Jones*, 984 F.3d 295, 302 (4th Cir. 2021).  "The objective component measures the nature of the force employed, asking whether that force was sufficiently serious to establish a cause of action." *Id.* (internal quotation marks omitted).  "This is not a high bar; de minimis or trivial force is not enough, but anything more will suffice." *Id.*

---

[1] Johnson also brought a Fourteenth Amendment equal protection claim against Defendants, which the district court dismissed upon its initial review of the complaint pursuant to 28 U.S.C. § 1915A.  Johnson does not challenge this dismissal on appeal.

The subjective component asks whether the officer acted with "wantonness in the infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 322 (1986). "Whether an inmate can establish that impermissible motive turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Dean*, 984 F.3d at 302 (internal quotation marks omitted). A court "may infer the existence of the subjective state of mind required for an Eighth Amendment violation" by looking to four factors:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) any efforts made to temper the severity of a forceful response.

*Id.* (cleaned up); *see Whitley*, 475 U.S. at 321 (establishing four-factor test).

The evidence presented at trial—viewed in the light most favorable to Johnson—showed that, on the morning of September 2, 2018, Meadows, Hicks, and Leszczak were distributing medication to an inmate across the hall from Johnson. Meadows then turned toward Johnson's cell and began applying pepper spray through the food slot in Johnson's cell door. Johnson put his left hand out of the food slot in an attempt to close the food slot and prevent Meadows from applying more pepper spray into Johnson's cell. When Johnson did so, Meadows repeatedly struck Johnson's hand with a metal baton. Johnson testified that he did not refuse Meadows' or Hicks' orders, or obstruct the food slot, prior to Meadows' use of force. After the incident, Meadows returned several times to threaten Johnson, including making slashing-across-the-throat gestures to Johnson. The entire incident lasted approximately 15 to 20 seconds. Defendants denied Johnson's requests for

medical treatment until September 7, 2018, when Johnson received an x-ray that revealed a fracture in his left hand.

Based on this evidence, we conclude that a reasonable jury could have found that Meadows used excessive force against Johnson. A jury could have found that Meadows' application of pepper spray on Johnson, who was confined in his cell, was unprovoked and unnecessary. *See Dean*, 984 F.3d at 305 (noting that jury could find that officers' use of force was unnecessary when prisoner "pose[d] no threat to any officer"); *Thompson v. Virginia*, 878 F.3d 89, 99 (4th Cir. 2017) (concluding that officer "never needed to use force on [inmate]" because inmate "did not disobey any instruction"); *id.* at 104 ("[W]e have held that the Eighth Amendment prohibits using . . . billy clubs[] and tear gas against an inmate who was locked in a cell and posed no threat to the prison officials."). And because a jury could have found that Meadows' use of force was unnecessary, a jury could have found that the amount of force Meadows used was excessive. *See Thompson*, 878 F.3d at 100 (explaining that, "because there was no need [for the officer] to use force, the force used was necessarily excessive in relation to the need").

Furthermore, although Meadows testified about the general risk associated with an inmate reaching through the food slot, Meadows did not testify that he perceived Johnson to be a threat. *See id.* (finding that third *Whitley* factor favored inmate when officers did not allege that inmate "presented any kind of physical threat"). Finally, Meadows never reported the use-of-force incident or asked whether Johnson was injured; instead, according to Johnson's testimony, Meadows returned to Johnson's cell only to threaten him. *See id.* (noting that officers' attempts to provide medical attention after the use of

4

force informs analysis of fourth *Whitley* factor); *Iko v. Shreve*, <u>535 F.3d 225, 240</u> (4th Cir. 2008) (concluding that fourth *Whitley* factor favored inmate when officers used pepper spray on inmate and then "never secured him any medical treatment for the exposure"). And even if Johnson disobeyed Meadows' orders or was yelling threats before Meadows' use of force, as Meadows contends, a reasonable jury could have found that Meadows made insufficient efforts to temper, or avoid, a forceful response. *See Brooks v. Johnson*, <u>924 F.3d 104, 117</u> (4th Cir. 2019) (noting that officers' "verbal attempts to reason with and calm an unruly [prisoner] before resort[ing] to force [did] not preclude an inference that force was applied maliciously, in order to punish [the prisoner's] continued intransigence" (cleaned up)). Therefore, the district court erred by determining that a reasonable jury could not have found that Meadows used excessive force.[2]

The district court also found that Johnson did not present sufficient evidence at trial for a reasonable jury to conclude that (1) Hicks failed to protect him from Meadows' use of force and (2) Bramble, Hicks, and Leszczak failed to ensure that Johnson received prompt medical attention for his injuries. "The deliberate indifference standard generally

---

[2] A reasonable jury could have found facts that would mean Meadows was not entitled to qualified immunity, which protects officers "from liability if an objectively reasonable officer could have believed that his actions were lawful in light of clearly established law." *Dean*, <u>984 F.3d at 309</u> (cleaned up). "[I]t was clearly established in 2015 – and for many years before that – that inmates have a right to be free from pain inflicted maliciously and in order to cause harm, rather than in a good-faith effort to protect officer safety or prison order." *Id.* at 310. A reasonable jury could have found that Johnson posed no threat when Meadows used his pepper spray and baton and that Meadows' use of force was therefore unprompted and unnecessary. *See Thompson*, <u>878 F.3d at 102</u> ("[T]here is a clear consensus among the circuits, including the Fourth, that infliction of pain and suffering without penological justification violates the Eighth Amendment.").

applies to cases alleging failures to safeguard the inmate's health and safety, including failing to protect inmates from attack . . . or failing to render medical assistance." *Thompson*, 878 F.3d at 97. To demonstrate that a defendant acted with deliberate indifference, an inmate must show that (1) he was "exposed to a substantial risk of serious harm," and (2) the defendant "[knew] of and disregard[ed] that substantial risk to the inmate's health or safety." *Id.* at 97-98 (internal quotation marks omitted).

Johnson presented almost no evidence at trial about Hicks' involvement in the incident, so the jury could not determine what Hicks did in response to Meadows' use of force, much less what Hicks subjectively knew about the situation. The evidence at trial was similarly insufficient to permit the jury to conclude that Bramble, Hicks, or Leszczak acted with deliberate indifference to Johnson's serious medical needs. Although Johnson testified that Meadows' use of force ultimately caused permanent damage to his left hand, no evidence at trial showed that Bramble, Hicks, or Leszczak knew, or should have recognized, that immediate medical assistance was obviously necessary. *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) ("In medical needs cases, . . . plaintiffs [must] demonstrate officials' deliberate indifference to a serious medical need that has either been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (cleaned up)).

Accordingly, we affirm the district court's grant of the Rule 50(a) motions of Hicks, Bramble, and Leszczak, but we vacate the court's grant of Meadows' Rule 50(a) motion and remand for further proceedings as to Meadows. We deny Johnson's motion for judgment on the pleading. We dispense with oral argument because the facts and legal

6

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*